IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NOEL ORTEGA,

      Plaintiff,                     No. CIV S-07-0915 LKK GGH P

    vs.

T. FELKER, et al.,                 <u>ORDER AND</u>

      Defendants.             <u>FINDINGS & RECOMMENDATIONS</u>

_____/

I. <u>Introduction</u>

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P 12(c).

        After carefully considering the record, the court recommends that defendants' motion be granted in part and denied in part with leave to amend.

II. <u>Legal Standard</u>

        "After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings attacks the legal sufficiency of the claims alleged in the complaint. The court must construe "all material allegations of the non-moving party as contained in the pleadings as

1

true, and [construe] the pleadings in the light most favorable to the [non-moving] party." Doyle v. Raley's Inc., 158 F.3d 1012, 1014 (9th Cir. 1998). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001).

III. Discussion

    A. Plaintiff's Claims

This action is proceeding on the original complaint filed May 14, 2007, as to defendants Warden Felker, Appeals Coordinator Jackson and Smith. Plaintiff alleges that inmates in the Security Housing Unit (SHU) at High Desert State Prison (HDSP) are served unwrapped food pursuant to a prison policy. Inmates in the general population receive wrapped food. Plaintiff alleges that he has found dirt and hair in his food. Plaintiff also alleges that he has found a "shortage" of food. Plaintiff alleges that as a result of eating the unsanitary food, he suffered stomach pain, had to use the restroom three times a day and lost weight.

Plaintiff alleges that he was told that the purpose of the policy was to prevent inmates in the SHU from using food wrappers to make weapons. Plaintiff alleges that the security need does not justify the policy.

Plaintiff alleges that defendants Felker and Jackson denied his administrative appeals regarding the food. Plaintiff alleges that defendant Smith is in charge of food service.

The court construes the complaint to raise the following claims: 1) Eighth Amendment; 2) equal protection; 3) violation of right to due process based on denial of administrative grievances.

/////

B.  Equal Protection

The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985).  In addressing an equal protection claim, the court must first decide the applicable level of scrutiny.  The strict scrutiny standard applies only if the at-issue policy discriminates against a suspect class or infringes upon a fundamental right.  Nordlinger v. Hahn, 505 U.S. 1, 10, 112 S.Ct. 2326 (1992).  To withstand strict scrutiny, a policy or statute must be precisely tailored to serve a compelling state interest.  Plyler v. Doe, 457 U.S. 202, 216, 217, 102 S.Ct. 2382 (1982).

In cases not involving a suspect classification or a fundamental right, policies and statutes have been tested under the rational basis standard.  See e.g., McGowan v. Maryland, 366 U.S. 420, 425-26, 81 S.Ct. 1101, 1104-05 (1961) where the Supreme Court said,

> The constitutional safeguard [of equal protection] is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality.  A statutory discrimination will not be set aside if any statement of facts reasonably maybe conceived to justify it.

In the instant case, plaintiff raises two equal protection claims.  He raises a facial and as applied challenge to the SHU food policy.  The court now considers which equal protection test applies to these claims.

*Facial Challenge*

Prisoners are not a suspect class.  Glauner v. Miller, 184 F.3d 1053, 1054 (9th Cir. 1999).  In addition, the at-issue policy itself merely provides that inmates in the SHU shall be provided with unwrapped food.  Plaintiff does not have a constitutional right to wrapped food. Accordingly, the court applies the rational basis test to evaluate plaintiff's facial challenge to the policy.

As stated above, plaintiff alleges that he was told that the purpose of the unwrapped food policy was to prevent inmates in the SHU from using food wrappers to make weapons. Plaintiff alleges that the security need does not justify the policy.

Defendants argue that prison security is a legitimate penological goal. Defendants also cite this courts decision in Norwood v. Alameida, CIV S-03-2554 GEB GGH P, 2007 U.S. Dist. LEXIS 15260 at * 46 (E.D. Cal. March 5, 2007), which involved an inmate using plastic wrapping as a handle for a makeshift stabbing instrument, a sharpened toothbrush, which was used to stab a correctional officer. A copy of this court's order is attached to defendants' motion.

In his opposition, plaintiff argues that most stabbings occur in the general population, yet inmates in the general population are given wrapped food. The stabbing in Norwood occurred in the general population and not the SHU.

Prison security is a legitimate penological interest and inmates in the SHU are there for disciplinary reasons. These two facts, gleaned from plaintiff's complaint, demonstrate a rational relationship between the disparity of treatment between inmates in the general population and the SHU regarding wrapped food and the legitimate penological interest of prison security. Accordingly, because plaintiff cannot cure this pleading defect defendants' motion to dismiss this claim should be granted.

*As Applied Challenge*

Plaintiff separately claims that the at-issue policy as applied to him results in inmates in the SHU receiving unsanitary food. Clearly, inmates have a constitutional right to sanitary food. See LeMaire v. Maas, 12 F.3d 1444, 1456 (9th Cir. 1993). However, "[t]he fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." Id. See also George v. King, 837 F.2d 705, 707 (5th Cir. 1988) ("[A] single incident of unintended food poisoning, whether suffered by one or many prisoners at an institution, does not constitute a violation of the constitutional rights of the affected prisoners."); Islam v. Jackson, 782 F.Supp. 1111, 1114-15 (E.D. Virginia 1992)

1  (serving one meal contaminated with maggots and meals under unsanitary conditions for thirteen
2  days was not cruel and unusual punishment, even though inmate suffered symptoms of food
3  poisoning on one occasion).
4        Plaintiff has not pled sufficient facts demonstrating that the conditions of the
5  unwrapped food infringed on his constitutional rights.  Plaintiff's claim that he became ill on one
6  occasion does not demonstrate a violation of his constitutional rights.  Nor does plaintiff allege
7  how often he has found dirt and hair in his food or the extent of the contamination.  Without this
8  information, the court cannot determine whether plaintiff has demonstrated an infringement of
9  his constitutional rights.
10        If plaintiff is able to demonstrate an infringement of his constitutional rights, then
11  the strict scrutiny test applies.  If plaintiff cannot demonstrate an infringement of his
12  constitutional rights, then the rational basis test applies and this claim should be dismissed for the
13  reasons discussed above.  Accordingly, this claim is dismissed with leave to amend.
14        C.  Eighth Amendment
15        As indicated above, inmates have an Eighth Amendment right to sanitary food.
16  See LeMaire v. Maas, 12 F.3d 1444, 1456 (9th Cir. 1993).  For the reasons the court finds that
17  plaintiff has not demonstrated that the food policy as applied to him violates the Equal Protection
18  Clause, the court finds that plaintiff has failed to state an Eighth Amendment claim.
19  Accordingly, this claim is dismissed with leave to amend.
20        Defendants argue that they are entitled to qualified immunity as to plaintiff's
21  Eighth Amendment claim.  Because the court does not find that plaintiff has stated a colorable
22  Eighth Amendment claim, it is premature to address the issue of qualified immunity.
23        D.  Due Process
24        Defendants correctly argue that plaintiff has no right to an administrative grievance
25  procedure.  See Ramirez v. Galaza, 334 F.3d 850, 860 (2003).
26  /////

1   Defendants sued in their individual capacity must be alleged to have: personally
2 participated in the alleged deprivation of constitutional rights; knew of the violations and failed to
3 act to prevent them; or implemented a policy that repudiates constitutional rights and was the
4 moving force behind the alleged violations. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th
5 Cir. 1991); Hansen v. Black, 885 F.2d 642 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040 (9th Cir.
6 1989). "Although a § 1983 claim has been described as 'a species of tort liability,' Imbler v.
7 Pachtman, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L. Ed. 2d 128, it is perfectly clear that not
8 every injury in which a state official has played some part is actionable under that statute."
9 Martinez v. State of California, 444 U.S. 277, 285, 100 S. Ct. 553, 559 (1980). "Without
10 proximate cause, there is no § 1983 liability." Van Ort v. Estate of Stanewich, 92 F.3d 831, 837
11 (9th Cir. 1996).

> The search, which was performed in accordance with this constitutionally valid strip search policy, was subsequently ratified by the School Board when Mr. Williams filed a grievance. Therefore, Williams' only grasp at evoking municipal liability under § 1983 is to show that this subsequent ratification is sufficient to establish the necessary causation requirements. Based on the facts, the Board believed Ellington and his colleagues were justified in conducting the search of Williams. There was no history that the policy had been repeatedly or even sporadically misapplied by school board officials in the past. Consequently, the School Board cannot be held liable for the ratification of the search in question, because this single, isolated decision can hardly constitute the "moving force" behind the alleged constitutional deprivation.

18 Williams v. Ellington, 936 F.2d 881, 884-885 (9th Cir. 1991).
19   This court is unwilling to adopt a rule that anyone involved in adjudicating
20 grievances after the fact is per se potentially liable under a ratification theory. However, this is
21 not to say that persons involved in adjudicating administrative disputes, or persons to whom
22 complaints are sometimes made can never be liable under a ratification theory. If, for example, a
23 reviewing official's rejections of administrative grievances can be construed as an automatic
24 whitewash, which may have led other prison officials to have no concern of ever being
25 reprimanded, a ratifying official may be liable for having put a defective policy in place.
26 /////

Plaintiff alleges that he sent his grievance to defendant Warden Felker who, in turn, sent the grievance to defendant Appeals Coordinator Jackson. The grievance was later returned to plaintiff unanswered. Plaintiff then resubmitted the grievance to defendant Jackson. Defendant Jackson told plaintiff that this appeal was a duplicate of the earlier appeal. Plaintiff alleges that defendant Jackson wrongly screened the appeal out as a duplicate.

Plaintiff's allegations against defendants Felker and Jackson concern their alleged failure to follow proper procedures in the processing of his grievances. The rejection of plaintiff's appeals by defendant Jackson do not suggest an automatic whitewash which may have led other prison officials to believe that they were ratifying a defective policy. Accordingly, the motion to dismiss the due process claims against defendants Jackson and Felker on this ground is granted.

Conclusion

The only specific allegation against defendant Jackson, the appeals coordinator, is that he improperly denied plaintiff's grievance. Accordingly, the court recommends that all claims against defendant Jackson be dismissed.

The court recommends that the due process and facial equal protection claims against defendant Felker be dismissed. The facial equal protection claim against defendant Smith should be dismissed as well. The as applied equal protection and Eighth Amendment claims against defendants Felker and Smith are dismissed with leave to amend.

Accordingly, IT IS HEREBY ORDERED that defendants' October 22, 2007, motion to dismiss is granted as to the as applied equal protection and Eighth Amendment claims against defendants Felker and Smith; plaintiff is granted thirty days to file an amended complaint as to these claims only; defendants' response to the amended complaint is due twenty days thereafter;

IT IS HEREBY RECOMMENDED that defendants' October 22, 2007, motion to dismiss is granted as to the due process claims against defendants Jackson and Felker and the facial equal protection claims against defendants Felker and Smith.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 04/15/08

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

ort915.mtd